# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2069

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of North Dakota.
Michael James Hollow,　　　　　　　 *
　　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　 *

_____

Submitted: March 6, 2000

Filed: March 27, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
　　　　Judges.

_____

PER CURIAM.

A jury found Michael James Hollow guilty of assault with dangerous weapons, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and of causing the victim serious bodily injury by the assault, in violation of 18 U.S.C. §§ 113(a)(6) and 1153.  Mr. Hollow objected to the presentence report's recommendation that he should receive a 6-level enhancement because the victim sustained permanent bodily injury, see U.S. Sentencing Guidelines Manual § 2A2.2(b)(3)(C) (1998), resulting in an offense level of 24.  The report also noted that, because Mr. Hollow was a career offender and the

statutory maximum terms of imprisonment for each of his instant convictions were 10 years, his offense level was automatically 24. See 18 U.S.C. § 113(a)(3) and (6); U.S. Sentencing Guidelines Manual § 4B1.1(E) (1998). Mr. Hollow did not object to this alternative calculation of his offense level. The district court[1] overruled Mr. Hollow's objection to the permanent-bodily-injury enhancement and sentenced him to 120 months imprisonment and 2 years supervised release. On appeal, Mr. Hollow argues that the court erred in applying the enhancement.

We decline to consider the issue raised on appeal, because it did not affect Mr. Hollow's sentence. With or without the challenged enhancement, his offense level would have been 24 because he was a career offender. See United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996). Therefore, even if the district court erred in applying the enhancement, such error would be harmless. See Williams v. United States, 503 U.S. 193, 203 (1992) (error that does not affect court's selection of sentence imposed is harmless).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.